UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL MAYBERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01157-JRO-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Paul Mayberry filed a habeas action under 28 U.S.C. § 2254 challenging his confinement for his convictions in Marion County Superior Court Case No. 49G06-9909-CF-166833.[1] Dkt. 1. On July 29, 2026, Respondent moved to dismiss the petition. Dkt. 12. Mayberry did not respond to the motion. Because Mayberry previously and unsuccessfully challenged his convictions through a § 2254 petition, and he has not received authorization to file a second petition, the Court **DISMISSES** the petition for lack of jurisdiction.

## I. FILING FEE

The Court previously ordered Mayberry, by July 17, 2026, to either pay the $5.00 filing fee or demonstrate his inability to pay the fee. Dkt. 7 at 1. Mayberry has neither paid the $5.00 fee nor filed a new motion to proceed without prepaying it. But Mayberry did attach a copy of his trust account statement to another motion he filed on July 13, 2026. Dkt. 9-1. This statement

[1] The Court takes judicial notice of the online records for Mayberry's Indiana cases (available at mycase.in.gov).

shows that for the six-month period ending on June 16, 2026, Mayberry had no money in his trust account and a negative balance of $5.96. Accordingly, the Court **GRANTS** Mayberry's motion to proceed *in forma pauperis*. Dkt. 2.

## II. BACKGROUND

Mayberry pleaded guilty in case 49G06-9909-CF-166833 and was sentenced on July 14, 2000, to 1) 50 years for rape; 2) 50 years for unlawful deviant conduct, concurrent with the rape conviction; 3) 50 years for burglary resulting in bodily injury, suspended and consecutive to the rape conviction; and 4) 20 years for robbery, concurrent with the conviction for unlawful deviant conduct. Dkt. 12-1 at 6. Mayberry did not file a direct appeal.

Nearly ten years later, on April 16, 2010, Mayberry filed his first state petition for postconviction relief. *Id.* But he moved to withdraw that petition on July 7, 2011. *Id.* at 7. The state court granted his motion and ordered the petition dismissed without prejudice. *Id.*

On June 13, 2018, nearly eighteen years after his sentencing, Mayberry attempted to directly appeal his convictions. Dkt. 12-2. On February 11, 2019, the Court of Appeals of Indiana dismissed the appeal with prejudice. *Id.* at 2.

On November 6, 2020, Mayberry filed a second petition for postconviction relief. Dkt. 12-3. The state court denied that petition one year later. *Id.* at 3.

On December 4, 2020, while his second state court petition was pending, Mayberry filed his first federal habeas petition under § 2254. *Mayberry v. WVCF*, Case No. 2:20-cv-00646-JPH-DLP. Judge Hanlon ordered Mayberry to show cause why his petition should not be dismissed as untimely. *Id.*, dkt. 6. After

Mayberry did not respond, Judge Hanlon dismissed the petition with prejudice as untimely and denied a certificate of appealability. *Id.*, dkt. 13.

Thereafter, Mayberry filed multiple motions to correct or modify his sentence and successive petitions for state post-conviction relief in state court. *See* Case Nos. 49G06-9909-CF-166833; 49D32-2501-PC-001266; 25A-SP-249; 25A-SP-00830; 25A-SP-1074; 25A-CR-03201; 33C02-2512-MI-000143. The state courts denied or dismissed each of these efforts.

## III. THE PETITION

On June 1, 2026, the Court received Mayberry's petition for a writ of habeas corpus under § 2254 again challenging his convictions from case 166833. Dkt. 1 at 1. He asserts three grounds for relief, some of which overlap or are similar: 1) his plea agreement stipulated to 25 years' imprisonment, and his "outdate has passed"; 2) his trial attorney provided ineffective assistance and "made [him] plead guilty" by falsely advising him that he could be sentenced to 200 years at trial; and 3) the State "made mistakes" resulting in a longer prison term than he agreed to. *Id.* at 3–4. Mayberry seeks his immediate release and "compensation" for time he served beyond 25 years. *Id.*

## IV. DISCUSSION

"Habeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025). "When a person seeks to bring a subsequent federal habeas challenge to his detention, 'the road gets rockier.'" *Id.* (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)). That's because the Antiterrorism and Effective Death

Penalty Act "contains several significant procedural barriers that strictly limit a court's ability to hear 'claim[s] presented' in any 'second or successive habeas corpus application.'" *Id.* (quoting 28 U.S.C. §§ 2244(b)(1), (2)). Under § 2244,

> a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of § 2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court.

*Id.* (quoting § 2244(b)(3)) (emphasis in original).

Section 2244(b)(3)(A) functions as "a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Therefore, "'[a] district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

As the Court noted above, this is Mayberry's second petition for a writ of habeas corpus under § 2254. His first was dismissed with prejudice as barred by the statute of limitations in § 2244(d)(1). Mayberry did not respond to Respondent's motion to dismiss, has not shown that he received authorization from the Seventh Circuit to bring this successive petition, and has not provided any reason why the Court should not dismiss this case. Accordingly, this Court must dismiss Mayberry's petition for lack of jurisdiction under § 2244(b)(3)(A).

The Court notes that even if this were Mayberry's first § 2254 petition, it would be subject to dismissal as time-barred by § 2244(d)(1). As Judge Hanlon noted in Mayberry's previous case, Mayberry did not file a direct appeal or postconviction petition for almost ten years after his convictions were final. *Mayberry v. WVCF*, Case No. 2:20-cv-00646-JPH-DLP, dkt. 6 at 3. That means Mayberry's one-year deadline to file a § 2254 petition elapsed *years* before he brought his first petition in 2020, much less before he brought this one in 2026. Mayberry did not present any basis for equitable tolling in his previous case, *id.*, dkt. 13 at 1, and he has made no such argument here. Even if the Court had jurisdiction over this petition, it would likely dismiss the petition with prejudice as barred by the statute of limitations.[2]

Accordingly, the court **GRANTS** Respondent's motion to dismiss Mayberry's petition. Because the Court finds jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over this habeas petition, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(1).

## V. OTHER FILINGS

Although Mayberry did not respond to Respondent's motion to dismiss, he filed several other documents. First is his "Motion to Correct Error In Abstract of Judgment." Dkt. 9. Mayberry asks the Court to correct what he calls "a facially defective clerical error" in an unspecified judgment. *Id.* Mayberry's second motion is labeled "Order to Show Cause," and he asks to be brought to court so

[2] Because the Court concludes that it lacks jurisdiction over the petition and that the petition would be untimely if it had jurisdiction, the Court will not address Respondent's alternative argument that Mayberry's claims are procedurally defaulted. Dkt. 12 at 6.

he can present unspecified evidence. Dkt. 11. Finally, Mayberry filed a document purportedly stating certain terms of his plea agreement. Dkt. 14. He says he has been incarcerated for nearly 27 years and requests to be released. *Id.*

Because the Court is dismissing this action, it will **DENY** these motions and requests.

## VI. CONCLUSION

Mayberry's motion for leave to proceed *in forma pauperis,* dkt. [2], is **GRANTED**.

Mayberry's motion to correct error, dkt. [9], motion to show cause, dkt. [11], and request for release, dkt. [14], are **DENIED**.

Respondent's motion to dismiss, dkt. [12], is **GRANTED**. This case is **DISMISSED** for lack of jurisdiction.

Final judgment shall now issue by separate entry.

**SO ORDERED.**

Date: 9/25/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

PAUL MAYBERRY
915471
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov